UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:15 CR 72-PPS |
| ) | |
| ROBERT NIETO, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant, Robert Nieto, filed a motion for an extension of time to file a section 2255 motion. [DE 3248.] While I am sympathetic to Nieto, he does not have a section 2255 motion on file yet, so the motion must be denied as an unauthorized prospective motion for extension of time to file a 2255. Moreover, it does not contain any substantive arguments to enable me to construe it as a section 2255 motion.

Nieto was found guilty following an 11-day jury trial for his involvement with the dangerous Latin King gang. The jury found him guilty of a drug conspiracy and murdering Rolando Correa while committing or attempting to commit criminal gang activity. [DE 1586, 1591.] On June 13, 2019, I sentenced Nieto to life imprisonment. [DE 2103.] Judgment was entered on June 17, 2019. [DE 2104.] Nieto filed a direct appeal, which was denied by the Seventh Circuit on March 28, 2022. *See United States v. Nieto*, 29 F.4th 859 (7th Cir. 2022). Nieto then filed for certiorari, which was denied by the Supreme Court on October 11, 2022. *See Nieto v. United States*, 143 S.Ct. 344 (2022).

On November 6, 2023, the Clerk docketed the instant motion for an extension of time to file a section 2255 petition. [DE 3248.] The motion is dated October 24, 2023. *Id.* In the motion, Nieto states he is a prisoner at USP McCreary in Pine Knot, Kentucky. *Id.* Nieto is clearly aware of the 1-year statute of limitations, as he states his section 2255 motion was due on October 11, 2023. According to Nieto, he turned his 2255 petition in to the prison mailroom staff on October 6, 2023. *Id.* His family then contacted the district court in Indiana and realized that there was no docket activity reflecting any filing of a section 22555 motion. *Id.* Nieto requests a 30-day extension of time to, as he characterizes it, "re-submit" his section 2255 motion; although from the court's perspective, no 2255 motion was ever received or filed. *Id.*

The problem is: the statute does not provide for extensions of time. Although the Seventh Circuit has not directly addressed this issue, courts around the country, including courts in this district, have determined that a district court does not have the authority to extend the deadline for filing a section 2255 motion except *only if*: (1) the moving party requests an extension *upon or after* filing an actual section 2255 motion, and (2) rare and exceptional circumstances warrant equitably tolling the limitations period. *See United States v. Stewarts,* No. 08-30129-DRH, 2010 WL 2045008, at *1 (S.D. Ill. May 24, 2010) (collecting cases); *Paschal v. United States*, No. 01 C 4959, 2003 WL 21000361, at *2 (N.D. Ill. 2003) (collecting cases); *see also United States v. Jones*, No. 19 C 1947, 2020 WL 2526478, at *3 (N.D. Ill. May 18, 2020) (court denied motion for extension of time, ruling "the one-year limitations period does not provide for any advance

2

determination on the appropriateness of an otherwise late filing"); *United States v. Norman*, No. 06-30027-DRH, 2008 WL 4073229, at *1 (S.D. Ill. Aug. 28, 2008); *United States v. Crawford*, No. 07-CR-20106, 2009 WL 1329141 (C.D. Ill. May 11, 2009).

Although this is not binding precedent, I agree with the analysis set forth in *In re Wattanasiri*, 982 F.Supp.955, 958 (S.D.N.Y. 1997), which, in denying a motion for an extension of time to file a motion under section 2255, reasoned as follows:

> To begin with, there is no action or proceeding pending. Movant's criminal case has ended. He has not filed a motion pursuant to 28 U.S.C. § 2255. There is no civil action. Congress has not authorized the district courts to entertain applications such as this. Even if it had, there would be substantial doubt as to the existence of the sort of concrete dispute between adverse parties that is required by the case or controversy requirement of Article III, Second 2 of the United States Constitution.

This same type of analysis was articulated by Judge Springmann in this district, in *United States v. Williams*, No. 1:02-CR-115-TS, 2008 WL 3833829, at *1 (N.D. Ind. Aug. 13, 2008), when she denied a request for an extension of time to file a section 2255 petition, reasoning:

> What the Defendant seeks is essentially an advisory opinion, which federal courts are not authorized to issue. A district court can only rule on the timeliness of a § 2255 petition once the petition has been filed. Because the Defendant has not yet filed such a petition, the timeliness issue and request for an extension of time do not raise issues that are ripe for judicial determination. . . . Also, the Court may not grant any extension of time for a petition that has not yet been (and may not yet be) filed.

Worded differently, section 2255 "does not permit pre-approval of [] tolling based on a hypothetical state of facts. The federal courts have no license to issue advisory

opinions, and we may not bend (or for that matter ignore) that principle here, no matter how convenient or efficient the request might otherwise be." *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (quotation marks and citations omitted).

      I considered the possibility of being able to construe the instant motion for an extension of time as an actual 2255 petition. To determine whether a defendant's filing is a § 2255 petition, the court looks to the substance of a filing and not its caption. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). In this case, the motion is captioned as a request for an extension of time and there are no substantive arguments contained in the motion. Therefore, I cannot construe the motion for an extension of time as a motion under section 2255. *See Poe v. United States*, 468 F.3d 473, 476 (7th Cir. 2006) (explaining that courts are not required to "construe equivalent postconviction filings as § 2255 motions in order to help prisoners comply with [the] one-year limitations period"); *United States v. Banks*, No. 18 C 2453, 2022 WL 595731, at *4 (N.D. Ill. Feb. 28, 2022) (finding request for an extension of time is not entitled to a generous construction because it was not substantively within the scope of section 2255 "because it presented no claimed ground for relief."). Similarly, Nieto presented no claimed grounds for relief in the instant motion; therefore, I cannot construe it as challenging his conviction.

      If or when Nieto files a motion under section 2255, this Court may consider any argument he presents that his motion should be considered timely. Until then, this Court lacks jurisdiction to consider the matter.

Accordingly, the motion for an extension of time to file a motion under section 2255 [DE 3248] is DENIED.

ENTERED: November 7, 2023.

        /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT