IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:15-cr-72 |
| ) | 2:24-cv-35 |
| ) | |
| ROBERT NIETO, ) | |
| ) | |
| Defendant/Petitioner. ) | |

# OPINION AND ORDER

Defendant Robert Nieto filed a petition under section 2255. However, his petition is untimely and is therefore barred.

## Background

Nieto was found guilty following an 11-day jury trial for his involvement with the dangerous Latin King gang. The jury found him guilty of a drug conspiracy and murdering Rolando Correa while committing or attempting to commit criminal gang activity. [DE 1586, 1591.] On June 13, 2019, I sentenced Nieto to life imprisonment. [DE 2103.] Judgment was entered on June 17, 2019. [DE 2104.] Nieto filed a direct appeal, which was denied by the Seventh Circuit on March 28, 2022. *See United States v. Nieto*, 29 F.4th 859 (7th Cir. 2022). Nieto sought certiorari, which was denied by the Supreme Court on October 11, 2022. *See Nieto v. United States*, 143 S.Ct. 344 (2022).

On November 6, 2023, the Clerk docketed Nieto's motion for an extension of

time to file a section 2255 petition. [DE 3248.] The motion is dated October 24, 2023. *Id.* In the motion, Nieto states he was a prisoner at USP McCreary in Pine Knot, Kentucky. *Id.* Nieto was clearly aware of the 1-year statute of limitations to file a section 2255 petition, as he states his section 2255 motion was due on October 11, 2023. [*Id.* at 1.] According to Nieto, he turned his section 2255 petition in to the prison mailroom staff on October 6, 2023. *Id.* His family then contacted the district court in Indiana and realized that there was no docket activity reflecting any filing of a section 2255 motion. *Id.* Nieto requested a 30-day extension of time to, as he characterized it, "re-submit" his section 2255 motion; although from the court's perspective, no 2255 motion was ever received or filed. [*Id.* at 2.] Nieto did not include an affidavit or otherwise state that his motion was signed under penalty of perjury.

I issued an order dated November 7, 2023, denying Nieto's request to file a prospective section 2255 petition. [DE 3250.] Because there was no pending section 2255 motion at that time, and case law has established that a district court does not have the authority to extend the deadline for filing a 2255 motion unless the party requests an extension upon or after filing an actual section 2255 motion, I denied Nieto's request for an extension of time. *Id.* I also considered the possibility of being able to construe the motion for an extension of time as an actual 2255 petition, but because no substantive arguments whatsoever were contained in the motion, I could not make this leap. [*Id.* at 4.]

About two and a half months later, in an envelope that was postmarked January

2

23, 2024, Nieto filed the instant section 2255 motion. [DE 3282.]  At the end of the motion, Nieto certified that he placed this motion in the prison mailing system on October 6, 2023. [DE 3282 at 12.]  He acknowledges in his accompanying memorandum that Nieto received this court's order denying his motion for an extension of time to file, and the court's statement that "[i]f or when Nieto files a motion under section 2555, this Court may consider any argument he presents that his motion should be considered timely" [DE 3250 at 4], but did not explain the further delay in filing. [DE 3282-1 at 6.]  Nieto's supporting memorandum is dated January 23, 2024.  *Id.*

About a month later, Nieto filed a motion for leave to amend his section 2255 petition. [DE 3298.]  On February 29, 2024, I issued an order asking the government to respond to the issue of timeliness only. [DE 3300.]  I told the parties if I ultimately decided the petition was timely filed, I would then grant the motion to supplement briefing and set out another schedule for briefing on the merits.  *Id.*  Nieto filed another motion to supplement on April 16, 2024, asking to add two substantive issues to his 2255 motion. [DE 3322.]  However, because I find the section 2555 petition was not timely filed, both motions to amend will also be denied.

**Discussion**

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations."  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a habeas corpus petition pursuant to section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United

3

States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

In assessing Nieto's motion, I am mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Riley v. United States*, No. 2:05-cv-380, 2006 WL 2849721, at *2 (N.D. Ind. Sept. 28, 2006) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).

Section 2255 has a one-year limitation period that begins to run the "latest of" four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted above, Nieto's judgment was issued on June 17, 2019. [DE

2104.]  He filed a direct appeal which was denied by the Seventh Circuit, and then filed for certiorari, which was denied by the Supreme Court on October 11, 2022. *See Nieto v. United States*, 143 S.Ct. 344 (2022).  Thus, Nieto had until October 11, 2023, to file his habeas petition.  Nieto concedes in his motion for an extension of time that his 2255 was due on October 11, 2023. [DE 3248 at 1.] His motion was not filed until January 26, 2024, more than 100 days past the deadline.

Nieto argues there were extraordinary circumstances beyond his control that prevented him from timely filing his 2255, and his motion should be equitably tolled due to it being lost in the mail. [DE 3338 at 2-7; DE 3282-1 at 6.]  The Seventh Circuit has explained that "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *see also Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy" and "is rarely granted.").  A movant is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Seventh Circuit has addressed this exact scenario and explicitly held that in order to receive the benefit of the mailbox rule in cases where the pro se prisoner's post-conviction motion is not received by the court (i.e., it got lost in the mail or was never mailed at all), the prisoner must submit a sworn statement *plus* some additional

5

evidence to support his claim that he timely delivered the filing to a prison official. *Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012). "The prisoner's sworn declaration should identify the who, what, when, where, how, and why of his alleged delivery to a prison official." *Id.* at 1011. Furthermore, the prisoner must additionally submit some type of other corroborating evidence, testimonial or documentary, such as copies of the filing, a postmarked envelope, or other correspondence. *Id.* at 1011-12.

Nieto has not met the burden established in *Ray*. He very conclusorily states in his memorandum in support and reply brief that he turned in his petition to prison authorities on October 6, 2023. [DE 3338 at 1; DE 3282-1 at 5.] While Nieto insists "it is not beyond belief that prison authorities lost Mr. Nieto's filings" [DE 3338 at 2], this subjective belief is just not enough. Glaringly, Nieto did not file any sworn declaration identifying who, what, when, where, or how he delivered the motion to a prison official and Nieto does not provide any corroborating evidence whatsoever (like a copy of the first alleged motion or a postmark) or any other evidence that he actually placed it in the mail on October 6, 2023. Supporting details are missing. For example, Nieto doesn't name the prison official to whom he allegedly gave the motion, he doesn't state where he was in the prison or what time of day it was when he allegedly submitted the motion[1], he doesn't say how prisoners usually mail items from USP McCreary, and he

---

[1] In his reply, Nieto talks about being on lockdown at some point when he was incarcerated, but it is unclear if he is alleging he was on lockdown somewhere in the jail when he first allegedly gave prison officials his 2255 motion to mail in October 2023, or if he is claiming he was on lockdown after that, and thus there was an added delay before he filed the 2255 motion that reached the court in January 2024. [DE 3338 at 4.] In

6

doesn't say if he affixed proper postage to the motion. In short, Nieto doesn't provide any evidence at all to the Court to corroborate his statement that he turned in his petition to prison authorities on October 6, 2023, before the deadline.

Several courts have held petitions untimely under similar circumstances. *See, e.g., Happold v. United States*, No. 5-40077-GPM, 2013 WL 6484584, at * 2 (S.D. Ill. Dec. 10, 2013) (finding section 2255 motion untimely where prisoner claimed the jail lost his mail but had no corroborating evidence he put the motion in the mail); *Martin v. Warden, Belmont Corr. Inst.*, No. 2:21-cv-5102, No. 2:21-cv-5012, 2023 WL 4042165, at *3 (S.D. Ohio June 16, 2023) ("[t]he date of deposit in the prison mail system is a question of fact on which the prisoner bears the burden of proof," requiring some additional evidence corroborating the prisoner's declaration in cases where the purported filing isn't received by the court); *see also Johnson v. United States*, No. 10-CV-341, 2010 WL 2490694, at *3 (E.D. Wis. June 17, 2010) ("As a general rule, the 'they lost my mail argument' typically will not succeed, for filing deadlines would become meaningless if a mere affidavit stating that a motion was timely filed, but was evidently lost in the mail, was all that was needed to excuse an untimely filing.").

What's more, there is evidence on the other side of the issue. The Government has produced correspondence from the USP McCreary staff in Pine Knot, Kentucky, stating there is no record of Nieto sending a certified mailing to the court before

---

his memorandum in support of his 2255 motion, Nieto states he "turn[ed] his motion into the prison mailroom on October 6th, 2023." [DE 3281-1 at 5.] But this still is not specific enough.

October 11, 2023.[2] [DE 3328-1.] There also is no evidence that Nieto filed any grievance with the Bureau of Prisons as to any mail of his being lost. [DE 3328-2.]

In his reply memorandum, Nieto references an article that allegedly reported negligence and indifference of the USP McCreary staff to common everyday issues like inmate safety, protection, plumbing, and the mail system. [DE 3338 at 3.] Even if such allegations were true, this does nothing to shed light on the specific question in this case, which is whether Nieto actually delivered his initial 2255 motion to prison officials to mail back in October 2023. In response to the government's brief claiming Nieto did not explain the further delay in filing his 2255, Nieto claims in his reply that the prison was on administrative lockdown at the time, thus he had no access to his original motion or copies of his filing. [DE 3338 at 4.] But Nieto has only made a conclusory allegation regarding a lockdown - he has not provided any specifics as to the actual dates and number of days he was possibly denied access to the law library or had an inability to access his legal paperwork, and courts have routinely found that such a bare assertion does not qualify as an "extraordinary circumstance" to equitably toll the statute of limitations. *See Magee v. Butler*, No. 14-cv-6879, 2015 WL 5951877, at *6 (N.D. Ill. Oct. 13, 2015) (cases cited therein); *see also United States v. Davis*, No. 1:16-CR-55-TLS-SLC, 2023 WL 35668109, at *5 (N.D. Ind. May 18, 2023) (finding conclusory allegations of the effect of a lockdown not sufficient to establish an extraordinary circumstance to

---

[2] According to USP McCreary, the prison only keeps a certified mail tracker, but there is no record kept for outgoing regular mail. [DE 3328-1 at 3.]

8

toll the time to file his 2255).

Finally, I note that on July 28, 2023, Nieto filed a letter with the court requesting documents [DE 3207], then he filed another letter on July 31, 2023, requesting the court disregard his request [DE 3208], on November 6, 2023, he filed the motion for an extension of time to file his section 2255 motion [DE 3248], and then later in the case, he filed two motions for leave to amend his 2255 motion [DE 3298, 3322]. If anything, these other filings indicate that Nieto was not prevented from filing motions with this court during that general time frame.

For all of these reasons, Nieto has not established that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Therefore, Nieto's section 2255 petition is time-barred. *See Marcello*, 212 F.3d at 1010 (affirming district court's dismissal of a section 2255 motion that was filed only one day late).

\* \* \*

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,

9

and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 485 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Nieto has not timely stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would debate that the petition is untimely. Therefore, a certificate of appealability will not be issued. 28 U.S.C. § 2253(c)(2); *Welch v. United States*, 136 S. Ct. 1257, 1263-64 (2016). If Nieto wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure Rule 22.

## Conclusion

Because the section 2255 motion was filed after the statute of limitations expired and Defendant Robert Nieto has not established a basis for equitable tolling, both motions for leave to supplement [DE 3298, 3322], are **DENIED**.

Nieto's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 3282] is **DISMISSED WITH PREJUDICE.**

A certificate of appealability is also **DENIED**.

The Clerk shall enter judgment against Nieto and in favor of the United States in the civil case opened on the § 2255, Cause No. 2:24-cv-35.

ENTERED: October 4, 2024.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT